RICHARD KENNEDY, PLAINTIFF, v. JACOB L. BRAUN, DEFENDANT.

Decided November 7, 1923.

**Negligence—Automobile Accident Resulting in Injury to Plaintiff While Passenger in Defendant's Car—Reasons for New Trial Considered and Rule Discharged.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *J. Vincent Barnitt* and *Wm. V. Rosenkrans.*

For the defendant, *Edwards & Smith* and *Edward F. Smith.*

PER CURIAM.

This suit was brought to recover damages for personal injuries. The plaintiff, by invitation of the defendant on the 31st day of March, 1921, the day of the accident, was riding in an automobile truck owned by the defendant, and operated by one Mackey, his servant, on Water street, in Paterson, going in a northerly direction.

As the truck reached Arch street another machine approached. In order to avoid being struck thereby the driver of the defendant turned sharply to the left; then the plaintiff fell off, thereby sustaining the injuries, a broken leg, for which damages are sued for. The trial resulted in a verdict for the plaintiff. The defendant obtained a rule to show cause why a new trial should not be granted. He writes down six reasons, which are argued under three heads in the defendant's brief: *First,* a nonsuit should have been granted; not so, the defendant's negligence and the plaintiff's contributory negligence were jury questions; *second,* the court should have directed a verdict for the defendant; not so, and for the same reason that a nonsuit was denied; *third,* the verdict of the jury was contrary to the evidence, our reading of the testimony leads us to the opposite conclusion.

The defendant's rule to show cause should be discharged.